```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Sonia K. Helmick,

    Plaintiff,

  v.                                    Case No. 2:20-cv-518

Commissioner of
Social Security,

    Defendant.

<u>OPINION AND ORDER</u>

    Plaintiff Sonia K. Helmick brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability, disability insurance, and supplemental security income. Plaintiff's request for benefits was originally denied on November 1, 2017, but the Appeals Counsel vacated that decision and remanded the case to the administrative law judge ("ALJ") for further consideration of the opinion of plaintiff's therapist. The ALJ held another hearing, at which a vocational expert and Michael Lace, Psy.D., a medical expert, testified. The ALJ issued a new decision on December 12, 2018. The ALJ found that plaintiff has severe impairments consisting female stress incontinence, morbid obesity, depression, anxiety, bipolar disorder, obsessive compulsive disorder, and unspecified personality disorder. PAGEID 40. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform light work,

> except occasional contact with supervisors, coworkers, and the public; duties are performed without close teamwork, tandem work, or over the shoulder supervision; duties would not include conflict resolution or evaluating or persuading anyone; can perform routine tasks with no more than occasional changes; no travel or

>     commercial driving; duties would not be at a production
>     rate pace, such as assembly line work.

PAGEID 45. After considering the testimony of a vocational expert, the ALJ concluded that there are a significant number of jobs which plaintiff could perform, and that she is not disabled. PAGEID 61-62.

This matter is now before the court for consideration of plaintiff's September 18, 2020, objections to the September 4, 2020, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed. The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the

courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff objects to the recommendation of the magistrate judge that the decision of the Commissioner should be affirmed. In her statement of errors, plaintiff argued that her mental RFC was not supported by substantial evidence because some mental health experts attributed to her a higher level of restrictions than those the ALJ incorporated in the RFC. Noting plaintiff's disagreement with the weight the ALJ assigned to the opinions of the mental health experts, the magistrate judge reviewed the ALJ's discussion of the expert opinions. The magistrate judge also found that the ALJ's conclusions concerning plaintiff's RFC were supported by substantial evidence. The court agrees with the analysis of the magistrate judge.

"Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the

3

decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). A decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). An ALJ's decision to give some weight to medical opinion evidence does not require the ALJ to incorporate every restriction proposed by that medical source. *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013).

In discussing the opinion evidence, the ALJ first addressed the findings of Judith Schwartzman, Psy.D. and Joseph Edwards, Ph.D, state agency consultants. PAGEID 56-57. The ALJ was not obligated to give "good reasons" for the weight assigned to the opinions of these non-treating consultants. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). The ALJ thoroughly summarized the limitations proposed by these experts, including limiting plaintiff to one-to-two-step tasks or three-to-four-step tasks with intermittent supervision, providing occasional flexibility in the work schedule and taking breaks, providing advance notice of major changes, and permitting plaintiff to work alone or in a small group of co-workers, with only infrequent, brief and superficial interaction with co-workers. PAGEID 56-57. The ALJ gave these opinions little weight, noting that the longitudinal record as a whole did not support limitations

of this degree and that plaintiff's frequent mental status examinations were almost entirely within normal limits. PAGEID 57. As the magistrate judge noted, the ALJ did adopt some of the limitations proposed by these experts, specifically, that plaintiff's job duties should include only occasional contact with coworkers, supervisors and the public, and that plaintiff's work routine could only have occasional changes. Doc. 14, p. 24.

The ALJ also discussed the opinions of Chandravan Patel, M.D., plaintiff's treating psychiatrist, and David Klein, M.D., plaintiff's internist. Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996). If the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart*, 710 F.3d at 376. However, a formulaic discussion of these factors is not required. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551

(6th Cir. 2010).

The ALJ considered the mental status questionnaires completed by Dr. Patel and gave them partial weight, noting that those statements were consistent with plaintiff's treatment records. The ALJ also referred to Dr. Patel's opinion in June of 2015 that plaintiff's tolerance to stress was poor, to which the ALJ assigned little weight. This medical source statement indicated that plaintiff was afraid to leave the house and had anxiety and panic attacks which significantly restricted her daily activities. The ALJ noted that the "opinion here is fairly vague as he does not really provide functional limitations and mainly just lists examination findings." PAGEID 57. The ALJ gave adequate reasons for the weight he assigned to Dr. Patel's opinions.

The ALJ considered the opinion of Dr. Klein. As the magistrate judge noted, Dr. Klein's specialty is internal medicine. Although Dr. Klein discussed plaintiff's mental illness, he saw plaintiff for other health issues such as regular check-ups, high blood pressure and back pain. Do. 14, p. 18. In February, 2018, Dr. Klein wrote a letter stating that plaintiff was "unable to engage in gainful employment." Ex. 40F. The ALJ properly noted, at PAGEID 59, that the determination of disability is reserved exclusively to the Commissioner. *See* 20 C.F.R. §404.1527(d)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2008). The ALJ observed that the statement was vague and conclusory, that no basis or explanation for this opinion was provided in the letter, that Dr. Klein was not treating plaintiff for mental health issues, and that there was nothing in his treatment records to support his vague assertion. PAGEID 59. Courts have upheld the decision of an ALJ to assign little weight to an opinion from a treating source

6

where the physician provided little or no explanation for the restrictions and cited no supporting objective medical evidence. *See Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). The ALJ further noted that Dr. Klein wrote this letter after plaintiff made a request to a physician's assistant in his office for a letter stating that she could not work, even though Dr. Klein did not see plaintiff on that occasion. PAGEID 59.

The ALJ addressed the opinion of Amynda Rhodes, Psy.D., a consultative examiner. Dr. Rhodes noted that plaintiff had difficulty responding to direct questions, but that she had no significant problems learning work-related tasks or with learning in school. PAGEID 57. Dr. Rhodes observed that plaintiff's performance on testing suggested problems with attention, focus and task persistence, but she noted no cognitive impairment in understanding or responding to supervisor feedback or relating to coworkers. PAGEID 58. She concluded that plaintiff had a limited cognitive ability to adapt to work pressures. PAGEID 58. The ALJ appropriately assigned little weight to Dr. Rhodes' opinion, noting that it was largely based on plaintiff's own self-reported limitations during a single examination, and was not consistent with the longitudinal record, which often showed unremarkable mental status examinations. PAGEID 58.

The ALJ considered the opinion of Lorry Guthrie, LPCC-S, plaintiff's treating therapist. Because Ms. Guthrie does not qualify as an "acceptable medical source," *see Gayheart*, 710 F.3d at 478, the ALJ was not required to provide good reasons for the weight given to her opinion under §404.1527(d)(2). *Mulkey v.*

7

*Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL 4528485 at *6 (W.D.Mich. June 14, 2011), *adopted* 2011 WL 4528479 (W.D.Mich. Sept. 29, 2011). Nonetheless, the ALJ thoroughly summarized Ms. Guthrie's opinion, which included her observations that plaintiff was seriously limited in several respects and would be absent from work four or more days per month. PAGEID 58-59. The ALJ gave her opinion little weight. The ALJ concluded that her opinion was not consistent with the record as a whole, and that plaintiff's presentation on examination and functioning, which included her ability to take care of her young grandchild, did not support this extreme degree of limitation. PAGEID 59.

Finally, the ALJ also discussed the opinion of Dr. Michael Lace, Psy.D., who testified at the November, 2018, hearing after reviewing plaintiff's medical records and listening to her testimony. PAGEID 57. The ALJ noted Dr. Lace's testimony that plaintiff's Global Assessment of Functioning ("GAF") scores, most of her mental status examinations, and her overall presentations were within normal limits. PAGEID 57. Dr. Lace testified that plaintiff had mild limitations in understanding, remembering, or applying information, and moderate limitations in interacting with others, in concentration, persistence or maintaining pace, and in adapting or managing herself. Dr. Lace recommended limiting plaintiff to brief, superficial, and occasional contact with coworkers, the general public and supervisors. Dr. Lace also recommended limiting plaintiff to routine tasks with few if any changes, with no travel or fast-paced production line work.

The ALJ gave great weight to Dr. Lace's opinion, noting that his opinion was based on his area of expertise and on his review of the longitudinal medical record, to which he provided detailed

8

citations in support of his findings. PAGEID 57. *See Swett v. Comm'r of Soc. Sec.*, 886 F. Supp. 2d 656, 662 (S.D. Ohio 2012)("A medical expert's opinion, based on a review of the complete case record, can constitute substantial evidence.") Furthermore, as the magistrate judge noted, the ALJ obviously considered more than just Dr. Lace's opinion in devising plaintiff's RFC, as the RFC was more restrictive than Dr. Lace opined. Doc. 14, p. 12. Specifically, the RFC also included the requirements that plaintiff have no duties involving conflict resolution, evaluating or persuading others.

The ALJ did not limit his review of the record to the opinions of the mental health experts in arriving at plaintiff's RFC. The ALJ's 27-page decision includes a detailed summary of plaintiff's hearing testimony. PAGEID 46. The ALJ also described plaintiff's mental health treatment records at great length, *see* PAGEID 49-56, which supports his statement that he formulated plaintiff's RFC "[a]fter careful consideration of the entire record[.]" PAGEID 45. For example, the ALJ discussed Dr. Patel's treatment notes from 2013 through 2016. PAGEID 49-51. The ALJ noted that although plaintiff had been seeing Dr. Patel for twenty-three years, she complained on multiple occasions in 2016 that Dr. Patel had been "rude" to her when she planned to apply for disability and stated that she wanted to switch doctors. PAGEID 51, 59. Although plaintiff testified at the hearing that she stopped seeing Dr. Patel because his office was an hour away, plaintiff also stated on other occasions that Dr. Patel thought that she should work and wanted her to go back to work, and that she was taking too many Xanax. PAGEID 59. The ALJ concluded that the fact that Dr. Patel

9

thought plaintiff could work and was over-prescribed Xanax, that plaintiff shopped around for a different medical provider who would support her disability claim, and that she gave another explanation at the hearing for terminating her treatment with Dr. Patel undermined plaintiff's allegations of disability. PAGEID 59-60.

In addition, the ALJ properly considered plaintiff's daily activities in evaluating whether plaintiff is disabled. *See* 20 C.F.R. §404.1529(c)(3)(i); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007). The ALJ related that plaintiff's daily activities included having custody of and caring for her granddaughter for three years, cleaning, cooking simple meals, doing laundry, managing her money, and taking her granddaughter to and from school. PAGEID 47. Plaintiff had a rental property which she managed. PAGEID 60.

The ALJ concluded that plaintiff had significant functioning which was inconsistent with her allegations of disability, and that those allegations were not entirely consistent with the evidence. PAGEID 59-60. The ALJ noted plaintiff's testimony that she could not work because she was caring for her young grandchild while her daughter was incarcerated, not because of medical issues. PAGEID 60. The ALJ concluded that plaintiff's ability to take care of all of a young child's needs contradicted her claim that she could barely take care of herself. PAGEID 60. The ALJ remarked that the fact that plaintiff had met and become engaged to her fiancé since the alleged onset date strongly contradicted her claims that she was so agoraphobic that she could barely leave the house and could not stand being around family members. PAGEID 60.

The ALJ's determination of plaintiff's RFC was based on the record as a whole, and it is supported by substantial evidence.

The ALJ gave adequate reasons for the weight he assigned to the opinions of the medical experts and treatment providers, and substantial evidence supports his decisions in that regard. Plaintiff's objections are not well taken.

III. Conclusion

For the reasons stated above, the court overrules the plaintiff's objections (Doc. 15), and adopts and affirms the magistrate judge's report and recommendation (Doc. 14). The decision of the Commissioner is affirmed, and the clerk is directed to enter final judgment in this case.

Date: January 4, 2021             s/James L. Graham
                                           James L. Graham
                                           United States District Judge